IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| GREGORY ALLEN MINES, | : |
| | : |
| Plaintiff, | : |
| | : CIVIL NO. 7:13-CV-163-HL |
| VS. | : |
| | : |
| ANTHONY BARBER, *et al.,* | : PROCEEDINGS UNDER 42 U.S.C. § 1983 |
| | : |
| Defendants. | : |

_____

# ORDER

Plaintiff Gregory Mines, a prisoner currently confined at the Dooly State Prison in Unadilla, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. Plaintiff's motion to proceed *in forma pauperis* was denied, and Plaintiff paid the full $350.00 filing fee. Plaintiff was ordered to recast his complaint, which he did on April 4, 2014. (Doc. 7.) As explained below, Plaintiff's recast claims are now subject to preliminary review.

## DISCUSSION

### I. Standard of Review

Because Plaintiff is a prisoner "seeking redress from a governmental entity or [an] officer or employee of a governmental entity," this Court is required to conduct a preliminary screening of his Complaint. *See* 28 U.S.C. § 1915A(a). In so doing, the district court must accept all factual allegations in the Complaint as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). *Pro se*

pleadings, like the one in this case, are also "held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Even so, a district court must dismiss a prisoner complaint after the initial review if: (1) it is "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) it "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B) (requiring the same of pleadings filed by parties proceeding *in forma pauperis*).

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). A complaint is thus properly dismissed by the district court *sua sponte* if it is found to be "without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001).

When determining whether a complaint fails to state a claim, the Court must accept as true all facts set forth in the Plaintiff's complaint and limit its consideration to the pleadings and exhibits attached thereto. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009); *see also Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008) ("The standards governing dismissal under Rule 12(b)(6) apply to § 1915(e)(2)(b)(ii)."). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*

*v. Iqbal*, (2009) (quoting *Twombly*, 550 U.S. at 570). The complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "[A] formulaic recitation of the elements of a cause of action will not do." *Id.* Although the complaint must contain factual allegations that "raise a reasonable expectation that discovery will reveal evidence of" the plaintiff's claims, *id.* at 556, a complaint should not be dismissed "simply because 'it strikes a savvy judge that actual proof of those facts is improbable,'" *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly,* 550 U.S. at 556).

To state a claim for relief under § 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming court's dismissal of a § 1983 complaint because the factual allegations were insufficient to support alleged constitutional violation); s*ee also* 28 U.S.C. § 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in § 1915A "shall" be dismissed on preliminary review).

**II.     Plaintiff's Claims**

Plaintiff's recast complaint alleges violations of his constitutional rights by Valdosta State Prison ("VSP") CERT[1] Team Officers Anthony Barber, Joseph Bates, Andre Yancey, Weston, Daniels, David Snyder, as well as VSP Warden William Danforth, VSP Deputy Warden Calvin Orr, VSP Counselor Pineiro, and Georgia Department of Corrections Manager of Inmate Affairs Shevondah Fields. (Recast Compl. 4, 5; Doc. 7.)

Plaintiff has also named as Defendants a John Doe and a Jane Doe, both presumably VSP officers.  However, fictitious party pleading is not generally permitted in federal court. A plaintiff may sue an unknown defendant only when he sufficiently identifies the defendant to allow service of process. *Moulds v. Bullard*, 345 F. App'x 387, 390 (11th Cir. 2009); *Dean v. Barber*, 951 F.2d 1210, 1215-16 (11th Cir. 1992).  Plaintiff has not sufficiently identified Defendants John and Jane Doe so as to allow for service. Accordingly, they are **DISMISSED** from this action.

In his Complaint, Plaintiff alleges that on December 19, 2011, while he was incarcerated at the Valdosta State Prison, his cell was searched as part of a "mass security search for cell phones, drugs, and weapons."  (Recast Compl. 6.) After returning to his cell following the search, Plaintiff found that his personal

---

[1] The CERT Team is the Correctional Emergency Response Team which is made up of POST certified correctional officers who mobilize upon command at Georgia State Prisons to restore law and order within the facilities and assist all departmental staff with daily organizations and operations of the facilities.  *See* www.dcor.state.ga.us

4

property had been ransacked and that his address book containing personal information, "green dot account numbers," and "family material" was missing. (*Id.*) Because no other cells on his tier were searched, Plaintiff alleges he was unfairly singled out for this treatment. (*Id.*) Plaintiff contends the search was for the sole purpose of confiscating his "green dot"[2] account numbers "with malice and criminal intent." (*Id.*) Plaintiff avers that he informed Defendant Yancey what had occurred. Defendant Yancey told him that Defendants Bates and Daniels conducted the search. Defendant Daniels informed Plaintiff that Defendant Bates had taken the address book. (*Id.*)

Plaintiff states that he confronted Defendant Bates who did not deny taking the address book. Plaintiff states that he was informed by two unnamed fellow inmates that they saw Defendant Bates with Plaintiff's address book, "purportedly downloading [Plaintiff's] green dot account numbers" into a cell phone. (*Id.* at 7.) Plaintiff states that Defendants Snyder, Daniels, Barber, Weston, and Yancey failed to intervene to prevent the theft.

Plaintiff alleges that he contacted the Green Dot Corporation wherein he learned that his green dot accounts had been converted to private Pay-Pal accounts on December 19, 2011, between 12:00 p.m. and 12:36 p.m. (*Id.* at 8.) In support of his claims that his property had been stolen, Plaintiff asserts that he was never provided a property receipt as is required under VSP's Standard

---

[2] Green Dot cards are reloadable, pre-paid cards that look and work like credit or debit cards. *See* https://www.greendot.com/greendot

Operating Procedure #B06-0002. Plaintiff contends Defendants Snyder, Bates, Daniels, Barber, Weston, and Yancey have "repeatedly engaged in illegal seizures and conversions of inmates' personal green dot account numbers in the past."

On December 20, 2011, Plaintiff sent Defendant Warden Danforth a letter explaining what had occurred. (*Id.* at 9.) Plaintiff then filed an informal grievance on December 27, 2011, and a formal grievance on January 9, 2012, both of which were denied. Plaintiff contends the denials violated his due process rights. Plaintiff then filed an appeal of the denial of his formal grievance to Commissioner Brian Owens on February 16, 2012, which was also denied. Plaintiff contends that in denying his appeal, Defendant Shevondah Fields violated his due process rights when she failed to investigate the facts of the grievance.

Plaintiff thus contends his Eighth and Fourteenth Amendment rights were violated by the Defendants, and further contends the Defendants committed the torts of conversion and gross negligence. Plaintiff seeks a declaratory judgment stating that: (1) the harassment of Plaintiff by Defendants Bates, Daniels, Barber, Weston, and Yancey violated his Eighth and Fourteenth Amendment rights and constituted a conversion under state law;  (2) Defendant Orr's failure to take action to curb said harassment violated the Eighth and Fourteenth Amendment and constituted a conversion under state law; Defendants Pineiro and Danforth's actions in conducting and sustaining the grievance procedure violated Plaintiff's

6

Fourteenth Amendment due process rights; (4) Defendant Fields' actions in conducting the grievance appeal, and failure to train or supervise the Defendant Officers violated Plaintiff's Fourteenth Amendment due process rights. (*Id.* at 13.) Plaintiff also seeks $100,000 in compensatory damages jointly and severally from Bates, Daniels, Barber, Weston, Yancey, Snyder, and Orr. Plaintiff further seeks compensatory damages in the amount of $10,000 against Defendant Danforth, and $20,000 from Defendant Shields. Lastly, Plaintiff seeks punitive damages in the amount of $20,000 each against Defendants Bates, Daniels, Barber, Weston, Yancey, Snyder, and Orr; $10,000 against Defendant Danforth; and $20,000 against Defendant Shields. (*Id.* at 14.) Plaintiff makes no claim for damages against Defendant Pineiro.

### III.   Analysis

#### A.   Fourteenth Amendment Claims

The Due Process Clause of the Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of law." *U.S. Const. Amend. XIV*. A § 1983 civil rights action is not the proper vehicle to pursue criminal charges related to the theft of Plaintiff's personal property. However, to the extent that Plaintiff has filed the instant action to pursue a claim that the taking of his property by prison officials violated his right to procedural due process of law under the Fourteenth Amendment, that claim will be addressed. "In this circuit, a § 1983 claim alleging a denial of procedural due process requires proof of three elements: (1) a deprivation of a

7

constitutionally-protected liberty or property interest; (2) state action; and (3) constitutionally-inadequate process." *Grayden v. Rhodes*, 345 F.3d 1225, 1232 (11th Cir. 2003) (*citing Cryder v. Oxendine*, 24 F.3d 175, 177 (11th Cir. 1994)).

The United States Supreme Court has held that pursuant to the *Parratt/Hudson*[3] doctrine, "a deprivation of a constitutionally protected property interest caused by a state employee's random, unauthorized conduct does not give rise to a § 1983 procedural due process claim, unless the state fails to provide an adequate postdeprivation remedy." *McClure v. Turner*, 481 F. App'x 167, 172 (5th Cir. 2012) (citation omitted). Georgia provides at least two potential post-deprivation remedies. *See* O.C.G.A. §§ 51-10-1 through 51-10-6 (providing cause of action for injuries to property, including conversion); and O.C.G.A. §§ 28-5-80 through 28-5-86 (allowing for claims against the state or any of its agencies). Because Georgia provides Plaintiff with a meaningful post-deprivation remedy, the alleged taking of Plaintiff's personal property does not state a claim for relief under § 1983. Even if Plaintiff were unable to sue the Defendants under Georgia law, the Court finds that Plaintiff received adequate due process for the removal of his personal property from his cell because he took advantage of a separate and adequate post-deprivation remedy—the grievance process—which he exhausted. *See Hudson*, 468 U.S. 517, 533, 536 n. 15 (1984) (finding that unauthorized destruction of property by state employee requires post-deprivation

---

[3] *Hudson v. Palmer*, 468 U.S. 517 (1984); *Parratt v. Taylor*, 451 U.S. 527 (1981), overruled in part on other grounds by *Daniels v. Williams*, 474 U.S. 327, 330–31 (1986).

remedy which may include a prison grievance procedure). Thus, all claims alleging a Fourteenth Amendment violation against Defendants Bates, Daniels, Barber, Weston, Yancey, Snyder, Orr, Pineiro, Danforth and Shields must be **DISMISSED.**

### B. Eighth Amendment Claims

An Eighth Amendment claim is asserted when a plaintiff challenges the conditions of his confinement. *U.S.C.A. Const. Amend VIII.* The Eighth Amendment, which is applicable to the states through the Fourteenth Amendment, requires that a plaintiff prove that the conditions complained of constitute "cruel and unusual punishment." *Dixon v. Toole*, 225 F. App'x 797, 798 (11th Cir. 2007) (citations omitted). The Eighth Amendment "governs the treatment a prisoner receives in prison and the conditions under which he is confined." *Farrow v. West*, 320 F.2d 1235, 1242 (11th Cir. 2003) (internal quotation marks and citation omitted). "However, [n]ot every governmental action affecting the interests or well-being of a prisoner is subject to Eighth Amendment scrutiny." *Id.* (internal quotation marks and citation omitted) (alteration in original).

To the extent that Plaintiff has asserted an Eighth Amendment claim against any of the Defendants, his claims must fail. "[S]tates violate the eighth amendment if they are deliberately indifferent to a prisoner's serious medical needs or if they fail to provide prisoners with reasonably adequate food, clothing, shelter, and sanitation." *Hamm v. DeKalb Cnty.*, 774 F.2d 1567, 1572 (11th Cir.

9

1985). The allegations raised by Plaintiff fail to allege that any of the Defendants were deliberately indifferent to his medical needs, and further fail to state a claim that he was denied adequate food, clothing, or shelter. Plaintiff has failed to state a colorable Eighth Amendment claim in this case, and any allegations of an Eighth Amendment violation are hereby **DISMISSED.**

### C. State Law Claims

To the extent that Plaintiff has alleged any state law conversion or negligence claims against any or all of the Defendants, his claims are dismissed. District courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. District courts have supplemental jurisdiction over all other claims, including state law claims, "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). However, a district court "may decline to exercise supplemental jurisdiction over a claim under [28 U.S.C. § 1367(a) ] if . . . the district court has dismissed all claims over which it has original jurisdiction[.]" 28 U.S.C. § 1367(c)(3).

As discussed above, Plaintiff's federal claims lack merit. Because "[b]oth comity and economy are served when issues of state law are resolved by state courts," the Court declines to exercise supplemental jurisdiction over any potential state law claims and dismiss those claims without prejudice. *Rowe v. City of Fort Lauderdale*, 279 F.3d 1271, 1288 (11th Cir. 2002) ("The argument for

dismissing the state law claims in order to allow state courts to resolve issues of state law is even stronger when the federal law claims have been dismissed prior to trial."). Therefore, conversion and negligence claims raised in Plaintiff's Complaint against the Defendants are **DISMISSED.**

## **CONCLUSION**

Having conducted a preliminary review of Plaintiff's complaint as required by 29 U.S.C. § 1915, the Court finds that Plaintiff's Complaint and all claims for damages against the Defendants should be **DISMISSED.** For purposes of the three strikes provision of the Prison Litigation Reform Act (PLRA), the Court determines that its decision in this case is a strike against Plaintiff. *See* 28 U.S.C. § 1915(g) (Counting as strikes any action or appeal in federal court "that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted.").

SO ORDERED, this 20th day of May, 2014.


S/Hugh Lawson
HUGH LAWSON
UNITED STATES DISTRICT JUDGE

lws